**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JASON C. TUREM,

       Plaintiff,

v.                                Case No. 3:26-cv-419-WWB-PDB

M.D. ANGEL ACEVEDO, et al.,

       Defendants.
_____

## ORDER

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983.[1]

The Prison Litigation Reform Act ("**PLRA**") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

---

[1] Plaintiff did not include the filing fee with his Complaint; thus, the Court assumes he desires to proceed *in forma pauperis*.

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 5:24-cv-568-TPB-PRL (M.D. Fla.) (dismissing the case for plaintiff's failure to respond to the court's order to show cause why the case should not be dismissed for abuse of the judicial process where plaintiff misrepresented his litigation history); (2) 5:24-cv-569-CEM-PRL (M.D. Fla.) (same); and (3) 5:24-cv-570-TPB-PRL (M.D. Fla.) (same).[2]  Therefore, Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).  *See* Order (Doc. 4), No. 3:26-cv-1063-JEP-MCR (M.D. Fla. May 20, 2026).

Further, Plaintiff's allegations do not warrant the imminent danger exception to dismissal.  Through his Complaint, Plaintiff alleges he has been denied and delayed

---

[2] A dismissal for a prisoner's misrepresentation of his litigation history, or failure to respond to an order to show cause affording him an opportunity to explain the misrepresentation, constitutes a "strike" as an "abuse of the judicial process."  *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the dismissal of a prisoner's action and counting the dismissal as a strike under § 1915(g) for abuse of the legal process where the prisoner lied under penalty of perjury about a prior lawsuit), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021)*; *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (citing *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)); *Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 225–26 (11th Cir. 2011).  A dismissal for abuse of the judicial process "may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious."  *Allen v. Clark*, 266 F. App'x 815, 817 (11th Cir. 2008).  This is so because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)."  *Rivera*, 144 F.3d at 731 (citation omitted).

* The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point.  *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

medical optometry care and treatments due to retaliation.  (Doc. 1 at 3).   Although Plaintiff's present action will be dismissed without prejudice, Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying $405.00 ($350.00 filing fee and $55.00 administrative fee).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on May 26, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

caw 5/21
c:
Jason C. Turem, #C07109

3